ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CASE NO. 1:09CR505 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Judge John R. Adams |
| DINESH BAFNA, | ) |
| | ) ORDER |
| Defendant. | ) |
| | ) (Resolves Doc. 48) |

This matter appears before the Court on Defendant's motion for release pending appeal. The motion is DENIED.

When ruling on a motion to release pending appeal, this Court examines two factors. In that respect, 18 U.S.C. § 3143(b)(1) provides:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or petition for a writ of certiorari, be detained, unless the judicial officer finds-
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community ... and
>
> (B) that the appeal is not for the purposes of delay and raises a substantial question of law or fact likely to result in-
>
> (i)     reversal
>
> (ii)    an order for new trial
>
> (iii)   a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). "This statute creates a presumption against release pending appeal." *United States v. Scherer*, 101 Fed. Appx. 1002, 1003 (6th Cir. 2004) (citing *United States v. Vance*, 851 F.2d 166, 168-69 (6th Cir. 1988)).

Bafna's motion raises numerous issues that he claims present a substantial question of law that will result in reversal. In nearly their entirety, these same issues were raised and rejected in Bafna's motion to correct his sentence. In his current motion, Bafna ignores the Court's ruling on motion to correct his sentences and reiterates his same arguments.

"[A]n appeal raises a substantial question when the appeal presents a close question or one that could go either way and that the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) (quoting *United States v. Powell*, 761 F.2d 1227, 1233-34 (8th Cir. 1985) (internal quotations omitted)). This Court need not "find that it committed reversible error" for it to find that the appeal raises a substantial question, *Pollard*, 778 F.2d at 1181-82, nor must the Court find that Bafna is likely to prevail on appeal. *Powell*, 761 F.2d at 1234.

Bafna's motion does not demonstrate that his appeal will raise a substantial question. As the Court previously noted and the Government argues in opposition, there is very little likelihood that Bafna will be able to survive a motion to dismiss his appeal based upon his appellate waiver. While Bafna has done his best to craft arguments in a manner to avoid the waiver, the heart of his argument is a challenge to the substantive reasonableness of his sentence. Such a challenge falls squarely within his waiver of appeal.

Furthermore, this Court previously rejected the arguments raised by Bafna. Contrary to

Bafna's assertions, his financial status played no role in the Court's sentencing. Furthermore, there were no sentencing disparities with *similarly situated* defendants. Finally, as this Court previously found, the Court did not reject any element of Bafna's plea agreement. Instead, the Court determined that the factual background proffered by the parties was not consistent with the other established facts in the matter. As such, Bafna does not appear to have any viable claim on appeal. Accordingly, his motion for release pending appeal is DENIED.

    IT IS SO ORDERED.


| January 31, 2011 | /s/John R. Adams |
|---|---|
| Date | JOHN R. ADAMS<br>UNITED STATES DISTRICT JUDGE |